UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DEBORAH TRAPP-MILEY,

                            Plaintiff,

   -against-

THE CITY OF NEW YORK, ET AL.,

                            Defendants.

----------------------------------------X

**MEMORANDUM AND ORDER**

09-cv-3933 (KAM)(RLM)

**MATSUMOTO, United States District Judge:**

        This court previously issued a Memorandum and Order ("Summary Judgment Memorandum and Order") adopting in part and modifying in part a Report and Recommendation ("R&R") prepared by Magistrate Judge Roanne Mann. Presently before the court are separate motions for reconsideration from plaintiff Deborah Trapp-Miley ("plaintiff") and the City of New York, Sergeant John Passamenti, and Police Officer Louis Morselli (collectively, "defendants"). For the reasons set forth below, the court denies the parties' motions for reconsideration.

**BACKGROUND**

        Plaintiff commenced the instant action against defendants, alleging violations of her civil rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, as well as pendent state law claims, all of which arose in connection with plaintiff's September 20, 2006 arrest for disorderly conduct and obstruction

1

of governmental administration.  (*See generally* ECF No. 1, Complaint.)

Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 (*see generally* ECF No. 43, Defendants' Memorandum of Law in Support of their Motion for Summary Judgment ("Defs.' SJ Mem.")), and the Honorable Roanne Mann issued an R&R, recommending that this court (1) deny summary judgment as to plaintiff's Section 1983 claims for false arrest and malicious prosecution against the individual officers; (2) deny summary judgment as to defendants' qualified immunity defense; (3) grant summary judgment as to plaintiff's Section 1983 claim for excessive force, Section 1981 and 1985 claims, *Monell* claim, and all state-law claims except plaintiff's malicious prosecution claim; and (4) grant plaintiff leave to amend her state-law malicious prosecution claim for the limited purpose of curing a pleading defect.  (ECF No. 57, Report and Recommendation ("R&R"), at 34-35.)  Defendants timely objected to specific portions of the R&R (*see* ECF No. 58, Defendants' Objections to the Magistrate's Report and Recommendation on Defendants' Motion for Summary Judgment ("Defs.' Obj.")), and plaintiff did not oppose or otherwise respond to defendants' objections.

On March 29, 2012, this court adopted Judge Mann's R&R, as modified.  (*See generally* ECF No. 59, Memorandum and

Order dated 3/29/2012 ("M&O").) Specifically, the court (1) denied defendants' motion for summary judgment on plaintiff's federal and state claims for malicious prosecution with respect to disorderly conduct; (2) granted defendants' motion for summary judgment on all of plaintiff's remaining claims; (3) denied defendants' motion for summary judgment on their qualified immunity defense; and (4) granted plaintiff leave to amend her complaint for the limited purpose of curing a pleading defect regarding her malicious prosecution claim pursuant to New York General Municipal Law § 50-i. (*Id*. at 22-23.) The parties timely filed their motions to reconsider on April 13, 2012. (*See* ECF No. 62, Defendants' Motion for Reconsideration ("Defs.' Recon. Mem."); ECF No. 63-1, Plaintiff's Motion for Reconsideration ("Pl.'s Recon. Mem.").)

## DISCUSSION[1]

I. **Legal Standard**

The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). Local Civil Rule 6.3 provides that a party moving for reconsideration must set forth "concisely the matters or controlling decisions which counsel

---

[1] The court assumes the parties' familiarity with the facts, as briefly set forth in the court's March 29, 2012 Memorandum and Order (*see* M&O at 3-6) and as thoroughly recounted in Judge Mann's R&R (*see* R&R at 2-8).

believes the court has overlooked." Local Rule 6.3. Undoubtedly, the "standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

"The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Moreover, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see Shearard v. Geithner*, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."); *see also Torres v. Carry*, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) ("A court must narrowly

construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."). The court reviews the parties' motions for reconsideration in light of the foregoing principles.

## II. Plaintiff's Motion for Reconsideration

### A. Probable Cause to Arrest for Obstruction of Governmental Administration

Plaintiff's first primary argument in her motion for reconsideration appears to address the court's finding that Sergeant Passamenti and Officer Morselli had probable cause to arrest plaintiff for obstruction of governmental administration in violation of New York Penal Law § 195.05.[2] (Pl.'s Recon. Mem. at 3.[3]) Plaintiff urges the court to (1) reconsider its determination; (2) find that "there is a genuine issue of

---

[2] Under New York Penal Law § 195.05, a person is guilty of obstruction of governmental administration "when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . . ."

[3] The court derives this conclusion based on the subject heading and context, despite plaintiff's inexplicable statement at the outset that "[i]n essence, the Court has determined, as a matter of law, that no jury could reasonably conclude that [plaintiff] intentionally and physically interfered with defendants' investigation of the Trapp/Wright fight." (Pl.'s Recon. Mem. at 3.) Plaintiff's statement misconstrues the court's holding in the Summary Judgment Memorandum and Order. The court did not address what a reasonable jury might ultimately conclude about plaintiff's behavior on the day of her arrest; rather, the court determined that given the *undisputed* material facts, as a matter of law, Sergeant Passamenti and Officer Morselli had probable cause to believe that plaintiff had obstructed, or attempted to obstruct, their investigation. (M&O at 9-14.)

material fact as to whether a reasonable officer would believe that plaintiff intentionally and physically interfered with defendants' investigation of the Trapp/Wright fight"; and reinstate plaintiff's Section 1983 false arrest claim and federal and state malicious prosecution claims. (*Id*. at 3-4.) Plaintiff fails to point to any "controlling decisions or data that the court overlooked" in support of her motion for reconsideration, however. Instead, plaintiff sets forth numerous "grounds" for reconsideration, none of which have merit.

First, plaintiff points to *Provost v. City of Newburgh*, 262 F.3d 146 (2d Cir. 2001), a case cited by Judge Mann in the R&R. (*Id*. at 3; *cf.* R&R at 13.) *Provost*, which addresses *disorderly conduct*, is inapposite to plaintiff's argument regarding the court's finding that, based on the undisputed factual record, Sergeant Passamenti and Officer Morselli had probable cause to arrest plaintiff for obstruction of governmental administration, a separate and unrelated charge. This finding that probable cause existed as a matter of law forecloses plaintiff's motion for reinstatement of her Section 1983 false arrest claim because, as the court noted in its March 29, 2012 Memorandum and Order, "probable cause as to *any charge* at the time of arrest is sufficient to defeat a false arrest claim as a matter of law." (M&O at 15) (quoting *Fredericks v.*

*City of New York*, No. 07 Civ. 3659, 2008 WL 506326, at *4 (S.D.N.Y. Feb. 25, 2008) (emphasis added)).

Moreover, insofar as plaintiff cites *Provost* for the purpose of arguing that a rational trier of fact could reasonably conclude that plaintiff's actions did not give authorities probable cause to arrest her for *disorderly conduct*, plaintiff's argument is unnecessary because the court already ruled, in plaintiff's favor, that "an issue of material fact exists as to . . . whether defendants had probable cause to arrest plaintiff for disorderly conduct." (M&O at 19.)

Second, plaintiff refers the court to Judge Mann's discussion regarding the degree to which plaintiff "physically interfered" with defendant's ongoing investigation of the fight between plaintiff's son Merchant Trapp, and Mr. Wright, the purported victim. (Pl.'s Recon. Mem. at 3-4.) Plaintiff notes that "it would be appreciated if the Court would review footnote 7 [of the R&R]," which, according to plaintiff, "sets forth . . . a litany of further genuine issues of material fact . . . that this Court, in essence, overlooked . . . ." (*Id*. at 4.) In merely pointing the court to discussions and reasoning set forth in Judge Mann's R&R, however, plaintiff fails to "point to controlling decisions or data that the court overlooked," and thus fails to meet the strict standard that governs motions for reconsideration. *Shrader*, 70 F.3d at 257.

Moreover, the court reminds plaintiff that defendants objected to the specific finding of the R&R, arguing that Judge Mann "improperly concluded that plaintiff's undisputed conduct did not create probable cause to believe she had obstructed governmental administration." (Defs.' Obj. at 1-6.) Plaintiff did not respond to defendants' objection, and cannot now utilize a motion for reconsideration to advance arguments that she failed to present to the court despite having the opportunity to do so.

Finally, plaintiff argues that because Judge Mann and this court, after reviewing the same facts, arrived at different conclusions regarding the question of whether Sergeant Passamenti and Officer Morselli had probable cause to arrest plaintiff for obstruction of governmental administration, this court should have denied defendants' motion for summary judgment because "by the very nature of [the court's] disagreement [on an issue of law], summary judgment cannot be granted as a matter of law in favor of either party[.]" (Pl.'s Recon. Mem. at 4.) In so arguing, plaintiff essentially contends that a district judge who disagrees with a magistrate judge's recommendation as to a legal conclusion regarding summary judgment must always rule in favor of denying summary judgment because the judges' disagreement establishes that there is an issue of fact to be tried. Plaintiff has not provided, nor has the court's own

8

research uncovered, any legal authority for that proposition, however.  Moreover, the court reminds plaintiff that because defendants made specific and timely objections to the R&R, this court was *required* to review *de novo* the portions of the R&R to which defendants objected.  28 U.S.C. § 636(b)(1).

Accordingly, the court finds no merit in plaintiff's arguments regarding the court's finding that based on the undisputed material facts, Sergeant Passamenti and Officer Morselli had probable cause to arrest plaintiff for obstruction of governmental administration.

**B. Analysis of Malicious Prosecution Factors**

Plaintiff further contends that the court erroneously conflated "probable cause to arrest" with "probable cause to prosecute," and neglected to analyze whether the latter existed in granting summary judgment to defendants on plaintiff's malicious prosecution claim with respect to the obstruction of governmental administration charge.  (Pl.'s Recon. Mem. at 5.)  Plaintiff correctly notes that "probable cause to arrest differs from probable cause to prosecute," and that "probable cause in the malicious prosecution context requires . . . belie[f] that a criminal defendant 'could be successfully prosecuted.'"  (*Id*.)  Plaintiff fails to acknowledge, however, that "[o]nce probable cause to arrest is established, a claim for malicious prosecution is barred 'unless plaintiff can demonstrate that at

some point subsequent to the arrest, additional facts came to light that negated probable cause.'" *Smith v. City of New York*, No. 04-cv-3286, 2010 WL 3397683, at *9 (S.D.N.Y. Aug. 17, 2010) (quoting *Dukes v. City of New York*, 879 F. Supp. 335, 342 (S.D.N.Y. 1995)).

The Second Circuit noted in *Lowth v. Cheektowaga*, 82 F.3d 563 (2d Cir. 1996), that "[u]nder New York Law, 'even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause.'" *Id*. at 571 (quoting *Cox v. Cnty. Of Suffolk*, 780 F. Supp. 103, 108 (E.D.N.Y. 1991)). The Second Circuit further clarified, however, that "[i]n order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of *some intervening fact*." *Id*. (emphasis added). In *Lowth*, for example, the Second Circuit found that although police officers had probable cause to arrest plaintiff for resisting arrest at the time of her arrest, the record demonstrated that probable cause to *charge* her with resisting arrest dissipated by the time officers transported plaintiff to the police station because "[plaintiff's] consistent calls for police help while [the officer] was arresting her should have alerted [the officer] to [plaintiff's] confusion" and given the officer "ample reason to know that [plaintiff] had not realized he was a policeman at the time that [plaintiff] was

'resisting.'"  *Id*. at 572-73.

On the other hand, where there is no evidence of an intervening fact, and thus no reason to find that probable cause to arrest has dissipated, courts have routinely found that existence of probable cause to arrest bars a malicious prosecution claim.  *See, e.g.*, *Abreu v. Romero*, No. 10-4827, 2012 WL 718078, at *1 (2d Cir. Mar. 7, 2012) (finding district court correctly granted summary judgment on claim of malicious prosecution because "[l]ike the District Court, we conclude that the defendants had probable cause to arrest [plaintiff]"); *Bryant v. Crowe*, 697 F. Supp. 2d 482, 491 (S.D.N.Y. 2010) (granting summary judgment to defendant on malicious prosecution claim where plaintiff failed to allege or produce any evidence that came to light after his arrest to eliminate probable cause); *Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 364 (2d Cir. 2011) (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008)) ("Although this Court has hinted in a nonprecedential order that exculpatory circumstances discovered after an arrest can dissolve probable cause to prosecute, . . . probable cause to arrest is generally construed as probable cause to prosecute as well."); *Quinn v. City of Long Beach*, No. 08-cv-2736, 2010 WL 3893620, at *7 (E.D.N.Y. Sept. 15, 2010) ("As probable cause existed for [a plaintiff's] arrest, and Plaintiffs offer no intervening evidence between the arrest and

the trial which would tend to negate probable cause, Plaintiffs' malicious prosecution claim is unable to withstand a motion for summary judgment."). In the instant case, plaintiff points to no evidence in the record – much less evidence overlooked by the court – that demonstrates that "at some point subsequent to [plaintiff's] arrest, additional facts came to light that negated probable cause." Accordingly, plaintiff's argument lacks merit and the court denies plaintiff's motion for reconsideration.

**III. Defendants' Motion for Reconsideration**

Defendants argue that the court "overlooked defendants' argument that the prosecution of plaintiff on the disorderly conduct charge did not subject her to any deprivation of liberty." (Defs.' Recon. Mem. at 2.) One element of a malicious prosecution claim is post-arraignment deprivation of one's liberty interest, and defendants contend that because the court found that there was probable cause for plaintiff's prosecution for obstruction of governmental administration charge, a class A misdemeanor, the court should have granted summary judgment to defendants regarding the lesser charge of disorderly conduct, because "there is absolutely no evidence to suggest that this second charge [of disorderly conduct, a violation,] caused any *greater* deprivation of liberty than was imposed as a result of the OGA [obstruction of governmental

12

administration] charge." (*Id.* at 3.)

The court has reviewed the argument defendants set forth in their motion for reconsideration and finds that defendant has not raised any "controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. In fact, to the contrary, defendants' motion for reconsideration raises – nearly verbatim – the arguments defendants previously presented to the court in their original summary judgment motion.[4] (*See* Defs.' SJ Mem. at 23.) Accordingly, the court denies defendants' motion for reconsideration.

/

/

/

/

/

---

[4] The court notes that in support of their argument, defendants cite to *Janetka v. Dabe*, 892 F.2d 187 (2d Cir. 1989), in which the Second Circuit held that a malicious prosecution claim for resisting arrest (a misdemeanor) survived summary judgment where the plaintiff had been convicted of a less serious charge, disorderly conduct (a violation). *Id.* at 190. Defendants point to *Janetka* to support their view that here, in contrast to *Janetka*, any liberty deprivation plaintiff may have endured as a result of her disorderly conduct charge is no *greater* than the liberty deprivation to which plaintiff was subject as a result of her obstruction of governmental administration charge, a more serious charge, and therefore that plaintiff cannot satisfy the "deprivation of liberty" element of her malicious prosecution claim with respect to the disorderly conduct charge. (Defs.' Recon. Mem. at 3.) *Janetka* does not stand for the proposition that defendants suggest, however. As another court in this district aptly noted, "[t]he primary basis for the Second Circuit's decision in *Janetka* was the fact that the charges involved 'two distinct offenses involving distinct allegations,'" not the relative seriousness of the charges. *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 336–37 (E.D.N.Y. 2006) (quoting *Janetka*, 892 F.2d at 190).

## CONCLUSION

For the foregoing reasons, the court denies plaintiff's and defendants' motions for reconsideration. The parties shall jointly advise this court by ECF no later than May 31, 2012, as to how they intend to proceed.


SO ORDERED.

Dated: May 17, 2012
Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge